#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
#### EASTERN DIVISION

**UNITED STATES OF AMERICA**                                                                       **RESPONDENT**

**V.**                                         **CASE NO. 1:03CR87**

**ROBERT CALVIN SCOTT III**                                             **PETITIONER**

#### **MEMORANDUM OPINION**

This cause comes before the Court on the petitioner's motion to vacate, set aside and correct sentence pursuant to 28 U.S.C. § 2255 [57-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The petitioner, Robert Calvin Scott III, was the subject of a six-count indictment filed on June 25, 2003, stemming from his involvement in the creation and distribution of devises used to steal direct-to-hom satellite television services. On January 29, 2004, Scott entered a guilty plea to Count One, which charged him with conspiracy to sell, distribute and modify electronic devices and equipment, and to Count Two, which charged him with aiding and abetting others who sought to "manufacture, assemble, modify, sell, and distribute a Dish Network satellite system and a modified 'Casper' card used to decrypt Dish Network satellite television services. . . ." Scott was sentenced to 16 months on each count to be served concurrently. Scott did not file a direct appeal of his sentence. Instead, he filed the instant § 2255 motion about 10 months after he was sentenced.

28 U.S.C. § 2255 provides four grounds upon a federal prisoner may move to vacate, set aside or correct his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is

otherwise subject to collateral attack." Hill v. U.S., 368 U.S. 424, 427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962); 28 U.S.C. 2255. In the instant § 2255 motion challenging his sentence, Scott raises two issues:

> I.  WHETHER THE COURT ERRED IN DENYING SCOTT'S OBJECTIONS TO THE PRESENTENCE REPORT.
>
> II. WHETHER SCOTT'S SENTENCE WAS ERRONEOUS IN LIGHT OF THE SUPREME COURT'S DECISION IN BLAKELY V. WASHINGTON.

Ultimately, however, both of these issues arise out of the same source. At Scott's sentencing, the probation officer recommended that Scott receive a 4-point enhancement due to the potential loss incurred as a result of Scott's possession of bootleg satellite TV encryption cards. The presentence report only verified a loss of $3541.44 due to the presence of one decrypted card found at Scott's residence. However, 10 unencrypted cards were also found, and after spirited debate between defense and prosecution counsel, the Court ultimately accepted the Government's position that each unencrypted card had a worth of $2500.00 for sentencing purposes. Consequently, the Court applied a 4-point enhancement due to a total loss in excess of $25,000.00 as opposed to the 1-point enhancement that would have been applied had the unencrypted cards been disregarded.

In the instant motion, both the issues raised by Scott essentially argue that the Court erred in applying a $25,000.00 loss to determine the proper enhancement. That is, in addition to his argument that the Court erred in accepting the Government's analysis as a matter of law, Scott also argues that the Court's finding of a $25,000.00 loss was one that only a jury could have made in light of Blakely and its progeny.

The Fifth Circuit has made clear that relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955

F.2d 367, 368 (1992). Where, as here, a defendant seeks § 2255 relief on a sentencing issue not raised on direct appeal, such a motion is procedurally barred unless the defendant "must show both 'cause' for his failure to raise the sentencing issue on direct appeal and "actual prejudice" resulting from the error." U.S. V. Guerra, 94 F.3d 989, 993 (5th Cir. 1996).

In the case at bar, the Court concludes that Scott has failed to show justifiable cause for his failure to raise these issues on direct appeal. While Scott's motion alludes to the fact that his prior counsel withdrew just days after his sentencing, the Government points out that he still had several days to secure new counsel or move for additional time to file for appeal. He did neither. Furthermore, at no point in his instant motion does he raise a claim of ineffective assistance of counsel stemming from any prejudice he suffered from his prior attorney's failure to perfect an appeal before withdrawing. Accordingly, the Court denies the motion as to Scott's first issue.

Turning to the second issue, the Court first notes that Blakely does not control this case, which must be decided under the rule announced in U.S. v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Booker, the Supreme Court declined to strike down the Federal Sentencing Guidelines in their entirety, opting instead to strike down the law which made the Guidelines mandatory and to render them merely "advisory." The application of Booker to motions brought under § 2255 appears to be an issue of first impression in the Fifth Circuit.[1] However, the express language of Booker, as well as its application in other circuits, supports the interpretation that Booker does not apply to cases which became final before its release on January 12, 2005, and thus does not apply to collateral attacks (such as in a § 2255 motion) on cases finalized before that date. See generally Booker, 125

---

[1] The Court is aware of several cases in which Booker issues have been raised in the context of a § 2255 motion, but it appears that they all were decided on procedural grounds without actually addressing the merits of the petitioner's Booker arguments. Specifically, most of the case law from this circuit has involved §2255 motions raising Booker arguments which were dismissed as successive writs. The instant motion is the defendant's first § 2255 motion.

S.Ct. at 769 (expressly extending holding "to all cases on direct review"); <u>McReynolds v. U.S.</u>, 397 F.3d 479 (7th Cir. 2005); <u>Varela v. U.S.</u>, 400 F.3d 864 (11th Cir. 2005).  Scott was sentenced on January 29, 2004 and final judgment was entered on February 3, 2004.  Consequently, the time for Scott's direct appeal ended on February 18, 2004, almost eleven months before the release of <u>Booker</u>.  <u>Booker</u>, therefore, cannot serve as grounds for Scott's § 2255 motion.

In light of the foregoing analysis, the defendant's motion to vacate, set aside and correct sentence pursuant to 28 U.S.C. § 2255 [57-1] is **DENIED**.  A separate order to that effect shall issue this day.

This is the 12th day of April, 2005.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**